IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARRY McCRARY,

    PLAINTIFF,

                                CIVIL ACTION NO.

V.

WELLS FARGO & CO
f/d/b/a Wachovia Bank, N.A.,

    DEFENDANT.                     JURY TRIAL REQUESTED

## COMPLAINT

**I.    JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 29 U.S.C. § 621, 2617(a)(2).  This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.,* (ADEA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII), pursuant to 42 U.S.C. § 1981, and pursuant to the "Family and Medical Leave Act of 1993," and 29 U.S.C. § 2610 *et. seq.* The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by Title VII, § 1981, ADEA, and FMLA.

    2.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and ADEA.  Plaintiff timely filed his charge of discrimination within 180 days of occurrence of the last discriminatory act (Exhibit

"A"). Plaintiff timely filed suit within 90 days of the receipt of the right-to-sue letter from the EEOC (Exhibit "B").

## II. PARTIES

3. Plaintiff, Barry McCrary, (hereinafter "Plaintiff") is a citizen of the United States and during the time of the acts complained of herein, he was a resident of Alabama, in the Northern District.

4. Defendant, Wells Fargo & Co. f/d/b/a Wachovia Bank, N.A., (hereinafter "Defendant"), is an entity subject to suit under Title VII, ADEA, FMLA. Defendant is a company doing business in the State of Alabama. Defendant employs at least fifty (50) persons.

## III. STATEMENT OF CLAIMS

5. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set in specific detail below.

6. Plaintiff began work with Defendant on December 6, 2008.

7. At the time of Plaintiff's termination of employment on March 22, 2010, he held the position of Branch Manager.

8. Plaintiff received good evaluations throughout the course of his employment with Defendant.

9. Plaintiff's branch in the last comparative ratings while he was a branch manager, was listed #4 out of 53 branches.

10. Plaintiff's Supervisor was Camille Brown (bf 30's).

## IV. COUNT ONE – FMLA INTERFERENCE

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail below.

12. Plaintiff was hospitalized in Georgia on September 29, 2009, for severe diverticulitis. He was hospitalized and/or incapacitated for several days.

13. On February 22, 2010, Plaintiff went to a hospital emergency room at the end of the work day for a serious health condition. He was hospitalized until approximately February 24, 2010.

14. Upon being released from the hospital, Plaintiff went to his primary physician, Dr. Douglas Radman, and filled out FMLA forms to take Plaintiff off of work until March 21, 2010.

15. Plaintiff faxed the FMLA forms signed by his doctor to Wachovia/Wells Fargo Human Resources Department.

16. Plaintiff was on approved FMLA leave from approximately February 24, 2010 through March 21, 2010.

17. Plaintiff went to the branch location on March 1, 2010, and told Brown that he had notified HR and turned in paperwork to them for FMLA leave. She said to him that because he was going to be out more than two weeks she asked for his keys.

18. Plaintiff met with his doctor on March 19, 2010, who conditionally released Plaintiff to return to work on March 22, 2010.

19. When Plaintiff returned to work on March 22, 2010, Brown and Jim (LNU), another District Manager, told Plaintiff that he was being terminated.

20. Brown terminated Plaintiff for the stated basis of violating policies for "sales integrity set forth in the Code of Ethics, as well as failing to meet performance standards."

21. One of Plaintiff's responsibilities as Branch Manager was to be an advocate for his customers. This included making sure that customers were receiving the most interest they could on a particular account they had with Defendant. Plaintiff was under instructions from management to contact customers with high balances, who were not receiving the maximum interest, in order to switch them to other accounts. This generally required opening new accounts.

22. Plaintiff never moved a customer's money to a new account to obtain higher interest rate without the customer's approval.

23. Customers typically would authorize opening an account for their own benefit over the phone with their understanding that they would need to come in and sign the paperwork. All of this was in accord with established practices and policies and procedures of Defendant.

24. Managers, black and white, and male and female, as well as managers substantially younger than Plaintiff, all followed the same practices dealing with customer accounts without discipline.

25. Since Plaintiff had been out sick under FMLA leave for several weeks, any issue dealing with his performance and/or the opening of these accounts for customers occurred substantially in time before Plaintiff left on approved FMLA leave.

26. Defendant's actions in terminating Plaintiff's employment upon expiration of his FMLA leave interfered with Plaintiff's rights under the FMLA to return to Plaintiff's job or a comparable one at the same rate of pay following Plaintiff's approved FMLA leave.

27. As a result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has been damaged, suffering loss of pay and income.

## V. COUNT TWO – FMLA RETALIATION

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above with the same force and effect as if fully set out in specific detail below.

29. Plaintiff was off on approved FMLA leave from approximately February 24, 2010, through March 21, 2010.

30. Brown, on behalf of Defendant, retaliated against Plaintiff by terminating Plaintiff's employment as soon as Plaintiff returned from FMLA leave

for practices and procedures that were followed by other branch managers, and/or were directed by management of Defendant.

31. Defendant's actions in retaliating against Plaintiff for seeking and taking FMLA leave was in violation of the FMLA, and as a result, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. COUNT THREE – AGE DISCRIMINATION (ADEA)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail below.

33. Plaintiff was singled out and treated differently than younger branch managers reporting to Brown and/or Jim (LNU).

34. It was standard operating procedure for branch managers to be advocates for their customers and to open checking accounts to benefit the customer, as alleged herein.

35. Brown singled out Plaintiff and other older white male managers for performance issues which were overlooked, ignored and/or treated less harshly with non-white, older male managers.

36. Following Plaintiff's termination of employment, he was replaced by Jannie Campbell (bf 30s), who was selected by Brown.

6

37. Brown was substantially motivated by Plaintiff's age, 52, in making the decision to terminate Plaintiff's employment for matters for which he did not take similar action against younger co-workers holding comparable positions.

38. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VII. COUNT FOUR– GENDER DISCRIMINATION

39. Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above with the same force and effect as if fully set out in specific detail below.

40. Following Plaintiff's termination of employment, he was replaced by Jannie Campbell (bf 30s), who was selected by Brown.

41. Brown was substantially motivated by Plaintiff's gender, male, in making the decision to terminate Plaintiff's employment for matters for which he did not take similar action against female co-workers holding comparable positions.

42. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VIII. COUNT FIVE – RACE DISCRIMINATION – TITLE VII

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42 above with the same force and effect as if fully set out in specific detail below.

44. Following Plaintiff's termination of employment, he was replaced by Jannie Campbell (bf 30s), who was selected by Brown.

45. Brown was substantially motivated by Plaintiff's race, white, in making the decision to terminate Plaintiff's employment for matters for which he did not take similar action against black co-workers holding comparable positions.

46. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

### IX. COUNT SIX – RACE DISCRIMINATION – § 1981

47. Plaintiff re-alleges and incorporates by reference paragraphs 1-46 above with the same force and effect as if fully set out in specific detail below.

48. Following Plaintiff's termination of employment, he was replaced by Jannie Campbell (bf 30s), who was selected by Brown.

49. Brown was substantially motivated by Plaintiff's race, white, in making the decision to terminate Plaintiff's employment for matters for which he did not take similar action against black co-workers holding comparable positions.

50. As a result of Defendant's violation of § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

### X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant ant at the Defendant's request from continuing to violate Title VII, § 1981, FMLA, and ADEA.

B. Enter an Order requiring Defendant to make Plaintiff whole by awarding him reinstatement, front pay, back pay (plus interest), nominal damages, compensatory, liquidated damages, injunctive and declaratory relief and benefits.

C. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

_____
David R. Arendall

DEFENDANT'S ADDRESS:
Wells Fargo & Co. f/d/b/a Wachovia Bank, N.A.
c/o Any Officer or Agent
2921 26th Street North
Birmingham, AL 35207